**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2018 JUL 25 A 10: 35

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Crim. No. 2:17-cr-00158-JDL |
| ) | |
| **RASHAD SABREE,** ) | |
| a/k/a "Jose" ) | |

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Halsey B. Frank, United States Attorney for the District of Maine, Julia M. Lipez, Assistant United States Attorney, and William E. Nolan, U.S. Department of Justice, Civil Rights Division Trial Attorney, and Rashad Sabree (hereinafter "Defendant"), acting for himself and through his counsel, David Beneman, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. Guilty Plea/Dismissal of Counts. Defendant agrees to plead guilty to Counts 1 and 2 of the Indictment herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Counts 1 and 2 charge Defendant with sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1). The United States agrees that it will move to dismiss Counts 3, 4, and 5 of the Indictment pursuant to Rule 11(c)(1)(A) at the time of sentencing. The parties agree and understand that if the court should deny that motion to dismiss, the provisions of Rule 11(c)(5) will apply.

2. Sentencing/Penalties. Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

    A.    A maximum prison term of life and a minimum prison term of 15 years in prison;

    B.    A maximum fine of $250,000;

    C.    A mandatory special assessment of $100.00, or $5,000.00 if Defendant is non-indigent, for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea; and

    D.    A term of supervised release of not less than 5 years and not more than life. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to 5 additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

In addition to the other penalties provided by law, the Court must also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 1593.

    3.    <u>Agreements Regarding Sentencing</u>. The parties agree to make the following non-binding recommendations as to sentencing:

    A.    The parties agree to recommend that the Court find that the Defendant has accepted responsibility for the offenses of conviction, and that the Court should reduce the Defendant's Adjusted Offense Level by three levels under U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, the Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit his conduct in the offense of conviction; (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C1.1; (d) falsely denies or frivolously contests relevant conduct for which the Defendant is accountable under U.S.S.G. § 1B1.3 or previous convictions that the defendant has sustained; or (e) engages in new criminal conduct. Defendant understands that he may not withdraw the guilty plea if, for any of the

reasons listed above, the Government does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

    B.    The parties agree to recommend a sentence of not more than 180 months.

The parties expressly agree and understand that should the Court reject either or both of the recommendations of the parties, Defendant will not thereby be permitted to withdraw his plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

    4.    <u>Binding Agreement Regarding Sentencing</u>. The parties agree, pursuant to Rule 11(c)(1)(C), to make the following binding recommendation as to sentencing. The parties agree that the Court shall sentence the defendant to a period of incarceration of not more than 204 months. Should the Court reject this recommendation, the defendant shall be permitted to withdraw his guilty plea and either party shall be permitted to withdraw from this Agreement.

    5.    <u>Appeal Waivers</u>. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

    A.    Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

    B.    A sentence of imprisonment that does not exceed 180 months.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

6. <u>Consequences of Breach</u>. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

    A.    The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

    B.    Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

7. <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

4

8.      Forfeiture.  Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States.

9.      Immigration Status.  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The parties agree and understand that the offense(s) to which Defendant is pleading guilty may result in Defendant being removed from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

10.     Sex Offender Registration and Notification.  Defendant has been advised and understands that, under the Sex Offender Registration and Notification Act, a federal law, Defendant must register and keep the registration current in each of the following jurisdictions: the location of Defendant's residence; the location of Defendant's employment; and, if Defendant is a student, the location of Defendant's school.  Registration will require that Defendant provide information that includes name, residence address, and the names and addresses of any places at which Defendant is or will be an employee or a student.  Defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  Defendant understands that failure to comply with these obligations subjects Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

11. <u>Validity of Other Agreements; Signature</u>. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 7/6/18

_____
Rashad Sabree, Defendant

I am legal counsel for Rashad Sabree. I have carefully reviewed every part of this Agreement with Rashad Sabree. To my knowledge, Rashad Sabree's decision to enter into this Agreement is an informed and voluntary one.

Date: 7/6/2018

_____
David Beneman, Esquire
Attorney for Defendant

6

FOR THE UNITED STATES:   Halsey B. Frank
United States Attorney

Date: 6/22/18

Julia M. Lipez
Assistant U.S. Attorney

William E. Nolan
DOJ Trial Attorney

Approved:

Supervisory Assistant U.S. Attorney