UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | DOCKET NO.  2:17-cr-158-JDL |
| ) | |
| RASHAD SABREE ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

**Summary**

A sentence of 180 months incarceration, followed by five years of supervised release with the standard and most of the special conditions suggested in the PSR is an appropriate sentence based on the §3553(a) factors, including the nature and circumstances of the offense, the statutory minimum mandatory sentence, the plea agreement, Rashad Sabree's personal background, difficult upbringing, his remorse, maturity, and new child.

**PSR and Plea Agreement**

The revised PSR of 10/17/18 establishes a total offense level 35, criminal history III with an advisory range of 210 to 262 months. PSR ¶ 81.  There is an objection to the two level increases for obstruction. PSR ¶ 27; addendum objection #2.  The Government has the burden to establish a guideline enhancement by a preponderance of the evidence. *United States v. Zehrung*, 714 F.3d 628, 630 (1st Cir. 2013).  Without the obstruction increase the offense level is 33/III with an advisory range of 168 - 210 which becomes 180 to 210 based on the minimum mandatory 180 months.  Supervised release is five years to life. PSR ¶¶ 84. The majority of the suggested special conditions of supervision are appropriate.[1]  PSR ¶ 98.

---

[1] Except: Proposed special condition 8 on Computer and Internet Monitoring. First, Rashad was not a major user of the internet nor was his conduct in this case significantly related to the internet.  The postings on Backpage were done by V1, not Rashad.  Second, we have no idea what technology will be 15 years in the future. We

The plea agreement contains a joint recommendation of 180 months. ¶ 3(B). (ECF # 58). The plea agreement caps the sentencing range at 204 months pursuant to Rule 11(c)(1)(C). Id. ¶ 4. The defendant waives the right to appeal any sentence of 180 months or less. Id. ¶ 5(B).

**Rashad's Background**

Rashad is almost 39 years old. He has a baby daughter born while he has been in jail. Rashad has along history of substance abuse and seeks treatment while serving his sentence. He has been in custody at the Strafford County Jail since November 21, 2017.

Rashad was born in 1980 in Worcester, MA to parents Gabrielle and Mark Sabree who had married the year before. His early life is marked by chaos and trauma. His parents

---

should let the supervising officer in the future address any needed technology or electronic communication issues. Proposed conditions 2 and 3 seem unrelated to anything in this case. There is no monetary aspect to the case beyond the $200 felony assessment, nor has any documented restitution been established by November 28, 2018 deadline set by the court at the pre-sentence conference. Proposed condition one requires the defendant to provide the supervising officer with any requested financial information. This is sufficient for supervising and can include the areas detailed in proposed conditions 2 and 3 if the supervising officer feels that information is needed for proper supervision. *United States v. Hinkel*, 837 F.3d 111, 125 (1st Cir. 2016)(A special condition of release may only be imposed if the sentencing court determines that the condition:
> (1) is reasonably related to the factors set forth in [18 U.S.C. § ] 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [18 U.S.C. § ]3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. [§ ]994(a). 18 U.S.C. § 3583(d); The rationale for imposing the condition must also "have adequate evidentiary support in the record." *United States v. Roy*, 438 F.3d 140, 144 (1st Cir. 2006).

divorced when he was 2.[2] PSR ¶70. He initially lives with his mother in Boston.  Two years later his mother, Gabrielle marries Keith Jenkins and they have a baby daughter, D.  In 1987, Gabrielle, Keith and D move to Chicago, to be with Keith's family.  They leave Rashad with his father, Mark in Dorchester for the next 4 years. (Commonwealth of MA, Case History Narrative 4/28/1995); PSR ¶ 71;

Life for young Rashad, living with his father does not go well.  Mark beats and kicks him, dislocates his shoulder for which he receives no medical treatment, exposes Rashad to pornography and other inappropriate sexual behavior; and causes Rashad to watch his father engage in sex with various women. Mark was a heavy drinker and drove drunk at high speed with Rashad in the car. (Commonwealth of MA, Case History Narrative as of 4/28/1995).

In 1991 Gabrielle and Keith return to Norwood, MA.  Mark Sabree promptly abandon Rashad on the front steps of Gabrielle's apartment saying she could take care of him.  Rashad is now 11 ands the abrupt transition from living with his father in Dorchester to his mother, step father and half sister in Norwood is difficult. Gabrielle had not planned on Rashad and the was no room for him in the two bedroom apartment relegating him to sleep on a sofa.  Gabrielle is religious and he father, a retired engineer, is an Imam in Quincy, MA.  Rashad "ran off" several times and did not do well in his new school.  He seems unable to follow the rules and Gabrielle is unsure what to do. By age 12 there is a school social worker and case worker involved.  In response top Rashad's acting out Gabrielle seeks police intervention; at one point calling the police 12 times in one week.  She files for Child Services.  A study substantiates two Abuse and Neglect allegations against Gabrielle for hitting Rashad, and he is placed in emergency foster care. In 1992 at age 12, Rashad is admitted to an adolescent

---

[2] His biological parents are first cousins.  Bedford Policy Inst. (BPI) Treatment Records, 2/2/99.  Records note Rashad's father appeared unable to separate himself from his own mother, dooming the marriage.

3

assessment unit by the Department of Social Services in 1992. In 1993, Rashad is hospitalized due to his behavior issues. Rashad's doctors recommended medication, including Lithobid and Ritalin, but Gabrielle objected to psychopharmacological intervention and Rashad was never treated. (Brandon Residential Treatment Ctr (BRT), 12/20/193) Rashad's providers also recommended anti-depressants, which Gabrielle also declined. (BRT, 10/7/1993).

Between ages 12 to 19, Rashad was involved in the juvenile court system, and was housed in various residential treatment facilities and the Department of Youth Services where he exhibited depression, anxiety, and symptoms of PTSD. (BRT, 11/22/1993); (Dr. Evaluation, 5/1/1996). The doctor wrote: "Quite clearly, Rashad is a depressed youth who has undoubtedly endured immense trauma in his life." Id. At 19, was seen by the Bedford Policy Institute as part of transitioning out of Youth Services custody. Showing some insight Rashad told them he needed a transitional placement before going home. "I need to have that structure - so I can work on things before going home and still be in the community." (BPI Records 2/2/1999.) Rashad transitioned out of custody on June 5, 1999. PSR ¶¶42-45. Notably he had no criminal difficulties for the next 5 years suggesting that Rashad benefits from structure and treatment.

**Looking Forward**

Rashad's plan on release is to reunite with his children and return to his family in Florida, seek employment and treatment. His family and friends are shocked by the length of the sentence he is facing yet pled to continue their relationships while he is incarcerated. Rashad wants to be a good father to his one year old daughter. A daughter born while he was in custody and whom he has seen only once; she was in court on the day of his guilty plea. This provides positive ongoing motivation. Rashad has matured since the 2015 offense conduct. He was candid with probation during the PSR interview. "I have a rough history,

a rough life. You live and you learn. There is a lot I am proud of and stuff I am not proud of. This is one of those. I as get older, I mature. Being with my family, I have gone deeper in my religion and philanthropy. That has caused me to leave the streets behind." PSR ¶ 12. "I had an awakening, I looked in the mirror and wasn't happy with who I was, and I knew then I needed to change. Some people run away from their mistakes. I was at a point where I could face my humility and benefit from it. Teach people to not make the same mistakes. I hope [those involved] are doing better. I accept responsibility for what I did, and I wish them the best. I hope everyone gets better, I want to spread love and not hatred." Id.

**Conclusion**

The jointly recommended sentence of 15 years (180 months) incarceration followed by five years of supervised release with conditions is a sufficient but not greater than necessary sentence.  It is a long and harsh sentence. It is follows the directive of Congress. It is punitive.  It is deterent; both specific and as to others.  It recognizes Rashad's wrongdoing and also his guilty plea and remorse.  Rashad spared the victims from the need to testify in what would have been a difficult public trial.  This is noted by V-2 in her impact statement.  She also agrees a sentence of 15 years is sufficient.  Following incarceration the oversight of probation during supervised release provides oversight, treatment and structure to Rashad.  The registration requirement provides notice and protection to the community. We ask for a recommendation to a placement in Florida where Rashad will be within driving distance of his family, recommendation for the RDAP substance treatment program, and for a judicial recommendation for half way house release at the earliest BOP allowable date to aid in Rashad's eventual reintegration.


DATE: November 28, 2018                    /s/ *David Beneman*
                                           David Beneman
                                           Attorney for Rashad Sabree

5

David Beneman
Federal Defender
P.O. Box 595
Portland, Me 0412-0595
207-553-7070 ext. 101
David_Beneman@fd.org

## CERTIFICATE OF SERVICE

I, **David Beneman**, attorney for **Rashad Sabree**, hereby certify that I have served, electronically, a copy of the **above "DEFENDANT'S SENTENCING MEMORANDUM"** upon **Julia Lipez**, Assistant United States Attorneys, United States Attorney's Office, Portland, ME and all prosecutors of record, via the ECF system.

/s/ *David Beneman*
David Beneman

DATE: November 28, 2018