## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Criminal No. 2:17-cr-00158-JDL |
| ) | |
| **RASHAD SABREE** ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM AND MOTION FOR RESTITUTION

The United States of America, by and through its attorneys, Halsey B. Frank, United States Attorney for the District of Maine, Julia M. Lipez, Assistant United States Attorney, and William E. Nolan, Department of Justice Civil Rights Division Trial Attorney, hereby submits this memorandum to address whether the Court should apply a Sentencing Guidelines enhancement for obstruction of justice, and in support of its request that the Court order the defendant to pay restitution to Victim 1 and Victim 2.

### BACKGROUND

On November 14, 2017, a grand jury in the District of Maine charged the defendant in a five-count indictment with two counts of sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. § 1591, two counts of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and one count of attempted interstate transportation for purposes of prostitution, in violation of 18 U.S.C. § 2421(a). On July 25, 2018, the defendant pleaded guilty to the two counts of sex trafficking, one each for the trafficking of Victim 1 and Victim 2, pursuant to the terms of a written plea agreement.

**ARGUMENT**

1. **This Court should apply the two-level obstruction enhancement of USSG §3C1.1.**

USSG §3C1.1 calls for a 2-level increase in a defendant's offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation…of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]"  The Revised Presentence Investigation Report (PSR) recommends that the Court apply this enhancement because the defendant threatened Victim 2, threatened witnesses to his criminal activity, and directed a friend to destroy evidence.  PSR ¶¶9-11, 27.  The defendant objects that there is an insufficient factual basis on which to support a finding of obstruction.  *See* PSR Addendum.  As discussed at the presentence conference in this case, the Court will need to resolve this factual dispute.[1]  Accordingly, the government will offer to the Court at sentencing the following Government Exhibits ("GX") in support of the enhancement[2]:

> GX 1: Report of January 16, 2016 interview with Victim 2, during which she recounts that after she and the defendant were both arrested on January 5, 2016, and taken to the York County Jail, the defendant called her a "snitch" for making a statement to the police and told her she had better watch her back when she got out of jail.
>
> GX 2: Report of May 3, 2016 interview with Victim 2, during which she recounts that the defendant contacted her via Facebook messenger and threatened her for talking with law enforcement.
>
> GX 3: Report of July 26, 2017 interview with Victim 2, during which she recounts that the defendant contacted her via the video calling application on Facebook and told her,

---

[1] The government, consistent with the terms of the plea agreement, will recommend a sentence of 180 months' imprisonment regardless of whether the Court does or does not apply the enhancement, as the government believes this is an appropriate sentence taking into account all of the 18 U.S.C. § 3553(a) factors.  Nonetheless, the Court must first properly calculate the guideline range, *United States v. Vazquez-Martinez*, 812 F.3d 18, 22 (1st Cir. 2016), and the government maintains that the facts support application of the §3C1.1 obstruction enhancement.

[2] Courtesy copies of the government's exhibits have been provided to the Court and defense counsel via e-mail.

"You better not testify, you will never win, I know you are in Florida, I have connections, you better watch yourself if you testify."

GX 4: Report of interview with person identified in the PSR as CS-1, during which CS-1 describes attempts by the defendant (referred to as "Jose"/"Riza") to intimidate her and CS-2 into not cooperating with law enforcement.

GX 5: Report of interview with person identified in the PSR as CS-2, during which CS-2 describes Sabree threatening her and stating, "You a dead bitch."

GX 6: Report of interview with person identified in the PSR as CS-3, during which CS-3 describes Sabree yelling at CS-2 and calling her a "rat."

GX 7:  Recording of call made by the defendant from the York County Jail on January 11, 2016, during which the defendant, beginning approximately 2 minutes and 40 seconds into the call, reports that he is being investigated for sex trafficking and advises his friend via telephone that the friend and others should get rid of their phones.[3]

The government submits that these materials demonstrate by a preponderance of the evidence that the defendant attempted to thwart the investigation into his criminal activities by threatening to harm witnesses if they cooperated with law enforcement and advising potential accomplices to destroy evidence.  For these reasons, the 2-level enhancement of §3C1.1 should apply.

2. **The Court should order restitution to Victim 1 and Victim 2 equal to the gross income the defendant derived from their prostitution activities.**

Restitution for Victim 1 and Victim 2 is mandatory.  Congress has provided, in the case of any offense under Chapter 77 of Title 18, which includes sex trafficking in violation of § 1591, that the Court "*shall* order restitution."  18 U.S.C. § 1593(a) (emphasis added).  The restitution order "shall direct the defendant to pay the victim...the full amount of the victim's losses."  *Id*. at (b)(1).  The statute defines losses as the sum of two distinct types of compensation – personal losses and the economic value of the victim's services.  *See id*. at (b)(3).  The former

---

[3]  The government anticipates having a transcript of this recording available to the Court at the time of sentencing.

is given the same meaning as the phrase "the full amount of the victim's losses" as defined in 18 U.S.C. § 2259(b)(3).  18 U.S.C. § 1593(b)(3).  Such losses include any "losses suffered by the victim as a proximate result of the offense."  18 U.S.C. § 2259(b)(3)(F).  The latter category of victim loss – the economic value of the victim's services – is defined as "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.)."  18 U.S.C. § 1593(b)(3).

In calculating "the gross income or value to the defendant of the victim's services or labor," courts have used various methods, including relying on victims' accounts of the work they performed and prices charged for such work, as well as evidence gathered during the government's investigation regarding the work performed.  In a sex trafficking case, the value of a victim's services to a defendant is generally calculated based on a defendant's gross income from commercial sex acts performed by the victim.  For example, in *United States v. Lewis*, 791 F. Supp. 2d 81 (D.D.C. 2011), the court based its restitution figures on the length of time the victims performed sex work for the defendant, the average number of clients the defendant compelled the victims to service each night, and the average price charged per client.  *Id*. at 92-94.  The restitution figures were not exact accountings of the work performed and prices charged, but instead the court's best estimate based on the available evidence.  *Id*.

Similarly, in *United States v. Webster*, 2011 WL 8478276 (9th Cir. Nov. 28, 2011), the Ninth Circuit affirmed a restitution calculation in a sex trafficking case where the district court used the following calculation: "the number of weeks trafficked times the average number of days worked per week times the average number of dates per day times $150—the minimum amount the victims charged for a date[.]"  *Id*. at *3.  The court noted that "[a]ny error in the

district court's figure [was] more than offset by the conservative estimate of the fee per date used to determine restitution," given that some victims had testified that they regularly charged more than $150 per date. *Id*.

Restitution equivalent to the victims' earnings is appropriate notwithstanding the fact that the defendant's unjust enrichment was derived from illegal activity – in this case, prostitution. In *United States v. Mammedov*, 304 F. App'x 922 (2d Cir. 2008), the Second Circuit stated, "the express terms of 18 U.S.C. § 1593 require that the victims in this case, i.e., persons who engaged in commercial sex acts within the meaning of 18 U.S.C. § 1591, receive restitution, notwithstanding that their earnings came from illegal conduct." *Id*. at 927. And in *United States v. Fu Sheng Kuo*, 620 F.3d 1158 (9th Cir. 2010), the Ninth Circuit explained that "the Trafficking Act mandates restitution that includes a defendant's ill-gotten gains." *Id*. at 1164. Finally, in *United States v. Cortes-Castro*, 511 F. App'x 942 (11th Cir. 2013), the court declared "preposterous" a defendant's argument that such a restitution award would unfairly reward the victim for her illegal activity, given that the victim was "forced to prostitute." *Id*. at 947. *See also United States v. Williams*, 319 F. Supp. 3d 812, 816 (E.D. Va. 2018) (finding that "it is appropriate, and indeed necessary, to consider the gross income or value of the minor victims' prostitution activities in calculating the amount of restitution owed by defendants here").

The government bears the burden of proving the proper amount of restitution by a preponderance of the evidence. 18 U.S.C. § 3664(e). However, "courts have made clear that the amount of restitution need not 'be proven with exactitude.'" *Williams*, 319 F. Supp. 3d at 816 (quoting *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012)). In this case, uncontested portions of the PSR establish that Victim 1 and Victim 2 prostituted at the defendant's direction for approximately one and a half weeks, and gave him the monetary proceeds of their prostitution

5

activities. PSR ¶4. During this period of time, Victim 1 completed five to seven dates, whereas Victim 2 completed approximately fifteen dates. *Id*. Victim 1 reported charging $100 for a half-hour date and $150 for a full hour, *see* GX 8 at 4, and Victim 2 cited one date for which she had been paid $120, *see* GX 3 at 5. In addition, Backpage ads posted by Victim 1 in the period immediately prior to the time she was trafficked by the defendant show that she charged between $100 and $225 depending on the length of the date. *See* GX 9. For purposes of a restitution calculation, the government will conservatively estimate that each victim was paid $100 per date. Thus, for Victim 1, a conservative estimate of the defendant's unjust enrichment is $500 (five dates multiplied by $100). A conservative estimate of the defendant's unjust enrichment at Victim 2's expense is $1500 (fifteen dates multiplied by $100).[4]

The government accordingly moves the Court to order the defendant to pay restitution to Victim 1 in the amount of $500 and restitution to Victim 2 in the amount of $1500.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court apply the §3C1.1 obstruction enhancement at sentencing, and order the defendant to pay restitution in the amount requested.

---

[4] By comparison, the Maine minimum wage in December 2015 and January 2016 was $7.50 per hour. If Victim 2 worked an 8-hour-a-day minimum-wage job in Maine for 10 days, the approximate period of time she was trafficked by the defendant, her approximate earnings would have been $600, well below the amount the defendant received from her prostitution activities. *See* 18 U.S.C. § 1593(b)(3) (defining victim losses to include "the *greater* of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act" (emphasis added)). The comparison is closer for Victim 1, although the government's evidence shows that Victim 1 was able to maintain her legitimate employment during the period of time she was trafficked by the defendant. The government accordingly submits that it is appropriate to calculate restitution for Victim 1 based on an unjust enrichment theory rather than an opportunity cost theory.

Dated: November 29, 2018

                                            Halsey B. Frank
                                            United States Attorney

                                            /s/ Julia M. Lipez
                                            Assistant United States Attorney
                                            U.S. Attorney's Office
                                            100 Middle Street Plaza, East Tower
                                            Portland, ME  04101
                                            (207) 780-3257

                                            /s/ William E. Nolan
                                            Trial Attorney, Criminal Section
                                            Civil Rights Division
                                            U.S. Department of Justice
                                            950 Pennsylvania Avenue, N.W.
                                            Washington, D.C.  20530
                                            (202) 353-8560

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 29, 2018, I electronically filed the Government's Sentencing Memorandum and Motion for Restitution with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

        David Beneman
        Federal Defender
        David_Beneman@fd.org

        Halsey B. Frank
        United States Attorney

        /s/ Julia M. Lipez
        Assistant United States Attorney
        U.S. Attorney's Office
        100 Middle Street Plaza, East Tower
        Portland, ME  04101
        (207) 780-3257
        julia.lipez@usdoj.gov